UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

STEAKHOUSE, INCORPORATED, a
Florida corporation; INVESTMENT
PARTNERS, INCORPORATED, a Florida
corporation,

   *Plaintiffs-Appellants,*

    v.

THE CITY OF RALEIGH, NORTH
CAROLINA, a North Carolina
municipal corporation; RALEIGH
BOARD OF ADJUSTMENT,

    *Defendants-Appellees.*

No. 99-1542

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-97-177-5-B0)

Argued: June 5, 2000

Decided: February 5, 2001

Before WILKINSON, Chief Judge, and MICHAEL and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** David Alan Wasserman, WASSERMAN & WALTERS,
Winter Park, Florida, for Appellants. Dorothy K. Woodward, Asso-

ciate City Attorney, CITY ATTORNEY'S OFFICE OF THE CITY OF RALEIGH, Raleigh, North Carolina, for Appellee City; John M. Silverstein, SATISKY & SILVERSTEIN, Raleigh, North Carolina, for Appellee Board of Adjustment. **ON BRIEF:** Thomas A. McCormick, Jr., City Attorney, CITY ATTORNEY'S OFFICE OF THE CITY OF RALEIGH, Raleigh, North Carolina, for Appellee City.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellants Steakhouse and Investment Partners challenge the constitutionality of the City of Raleigh's special use permit procedure for adult establishments. This appeal is part of Steakhouse's continuing effort to erect a topless dancing bar in Raleigh. In 1999, after an exhaustive review of the parties' arguments and submissions, we held that appellants had demonstrated little likelihood of prevailing on the merits of their challenge. *See Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634 (4th Cir. 1999). Appellants have put forth nothing more that persuades us that their claims have any merit. We therefore affirm the judgment of the district court for the reasons stated in our earlier decision.

I.

The relevant facts of this case are set forth in our earlier opinion affirming the district court's denial of a preliminary injunction. *See Steakhouse*, 166 F.3d 634. At that stage of the case, we found, *inter alia*, that the city has a legitimate interest in combating the secondary effects of topless barroom dancing, *see id.* at 636-38, that Raleigh's special use permit scheme sufficiently cabins the Board of Adjustment's discretion, *see id.* at 638-40, and that the city has provided adequate procedural safeguards for the consideration of a permit

application, *see id.* at 640-41, including prompt judicial review on the merits, *see id.* at 641-42.

In January 1998, while the earlier appeal was pending, the city moved for summary judgment. In March 1999, after the motion had been briefed and the district court had the benefit of our prior opinion, the city's motion was granted and the case was dismissed. The district court observed that it "need not address this question in detail, because the Fourth Circuit already has." Appellants now ask us to reverse the district court.

Appellants, however, raise no new fact or point of law that would lead us to alter our earlier conclusions. Rather, appellants essentially assert that our earlier decision was incorrect. We respectfully disagree. Our prior opinion has addressed appellants' arguments and found them to be without merit. For the same reasons, we reject these arguments today.

Indeed, the Supreme Court's recent decision in *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000), reinforces our earlier conclusions. In that case, the Court entertained a challenge by the operator of a nude dancing establishment to the constitutionality of a city ordinance banning public nudity. The Court rejected this challenge, with four Justices concluding that the ordinance was a valid content-neutral regulation and two Justices voting to dismiss the case as moot but stating that they would otherwise reject the challenge on the merits. *See City of Erie*, 529 U.S. at 289-302 (plurality opinion of O'Connor, J.); *id.* at 302-10 (Scalia, J., concurring in the judgment). The plurality rested its opinion primarily on the city's legitimate interest in combating the well-recognized secondary effects associated with adult entertainment establishments. *See City of Erie*, 529 U.S. at 289-302; *see also City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986); *City of Erie*, 529 U.S. at 310 (Souter, J., concurring in part and dissenting in part). We likewise recognize Raleigh's significant interest in curtailing the various harmful phenomena that topless bars often produce and hold that the city has vindicated this interest in a manner consistent with the Constitution.

We need not address the question of whether our prior opinion constitutes the law of the case in any formal sense. Rather, we simply adhere to our prior conclusions and find no reason to revisit them.

## II.

The judgment of the district court is accordingly

*AFFIRMED*.